NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 15 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WB MUSIC CORP.; et al., | No. 18-55835 |
| Plaintiffs-Appellees, | 18-55956 |
| | 18-56098 |
| v. | |
| | D.C. No. |
| EDWARD R. STOLZ, | 5:16-cv-00600-JGB-DTB |
| Defendant-Appellant. | MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted July 13, 2020**

Before: SCHROEDER, TROTT, and SILVERMAN, Circuit Judges.

Edward R. Stolz, II, appeals pro se the district court's judgment after a jury

trial, attorney fee order, and amended judgment in an action brought under the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Copyright Act by WB Music Corp. and other music publishers.[1]  We review de novo the district court's grant of partial summary judgment, *Tresóna Multimedia, LLC v. Burbank High Sch. Vocal Music Ass'n*, 953 F.3d 638, 644 (9th Cir. 2020), and denial of defendants' motion for judgment on the pleadings, *Herrera v. Zumiez, Inc.*, No. 18-15135, 2020 WL 1301057 at *3 (9th Cir. Mar. 19, 2020).  We review for an abuse of discretion the district court's award of attorneys' fees and costs, *Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 889 (9th Cir. 1996), and entry of a permanent injunction, *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).  We affirm.

Plaintiffs alleged that Stolz and four corporate defendants infringed plaintiffs' copyrights through radio broadcasts of eleven songs in November and December 2014.  The district court properly granted partial summary judgment as to defendants' vicarious liability for copyright infringement.  *See Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020) (en banc) (requirements for proof of copyright infringement).  The radio broadcast of the songs was unauthorized because the American Society of Composers, Authors and Publishers ("ASCAP") had revoked defendants' licenses to broadcast performances of works in the ASCAP repertory, and defendants' license fee dispute with ASCAP was irrelevant

---

[1]  These appeals were dismissed as to the four corporate defendants-appellants on July 9, 2019.

2

to the affirmative defense of unclean hands, which required a showing of misconduct by plaintiffs, rather than a non-party such as ASCAP. *See Dream Games of Ariz., Inc. v. PC Onsite*, 561 F.3d 983, 990-91 (9th Cir. 2009) (requirements for unclean hands defense).

The district court properly denied defendants' motion for judgment on the pleadings, based on the statute of limitations and laches. Plaintiffs filed this action in 2016, well within the three-year statute of limitations set forth in 17 U.S.C. § 507(b). Stolz argues that the relevant date is August 21, 2012, when ASCAP gave notice of the termination of the radio stations' licenses, because plaintiffs had knowledge of the infringement as of that date. This argument fails to acknowledge the separate accrual rule. Regardless of any earlier infringing broadcasts, the statute of limitations ran separately from each of the 2014 broadcasts. *See Media Rights Techs., Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1023 (9th Cir. 2019) (the statute of limitations runs separately from each violation of the Copyright Act). Laches is not available to bar plaintiffs' damages claims filed within the statute of limitations. *See Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 667 (2014). Defendants did not establish a laches defense as to claims for equitable relief. *See Eat Right Foods Ltd. v. Whole Foods Market, Inc.*, 880 F.3d 1109, 1115 (9th Cir. 2018).

We decline to address issues concerning evidentiary rulings, jury instructions, and directed verdict. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which [are not just named, but] argued specifically and distinctly in a party's opening brief.").

The district court properly considered plaintiffs' moderate degree of success, the unreasonableness of some of defendants' positions, the consistency of the suit with the purposes of the Copyright Act, and other factors and properly exercised its discretion in awarding attorneys' fees and costs to plaintiffs, the prevailing parties, under 17 U.S.C. § 505. *See Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985 (2016). There was no abuse of discretion in the amount of the fees. *See Maljack Prods., Inc.*, 81 F.3d at 889.

Finally, the district court properly exercised its discretion in entering permanent injunction against defendants under 17 U.S.C. § 502(a). *See eBay*, 547 U.S. at 391.

**AFFIRMED.**